IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHEILA VENABLE,                          :

        Plaintiff,                       :

v.                                       :
                                         Civil Action No. GLR-13-1867
PENNY PRITZKER, SECRETARY OF             :
THE UNITED STATES DEPARTMENT
OF COMMERCE,                             :

        Defendant.                       :

**MEMORANDUM OPINION**

THIS MATTER is before the Court on six pending motions including Defendant's, Penny Pritzker, Secretary of the United States Department of Commerce ("Commerce"), Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 17) and Motion to Strike Plaintiff's, Sheila Venable, Second Amended Complaint (ECF No. 28), and Venable's Motion for Leave to Amend (ECF No. 23), Motion to Strike (ECF No. 24), Motion for Leave to File Sur-Reply (ECF No. 30), and Renewed Motion for Leave to Amend (ECF No. 31).

Venable brings this action against her former employer, the United States Bureau of the Census (the "Census Bureau"), which is part of Commerce[1], pursuant to Title VII of the Civil Rights

---

[1] Under 42 U.S.C. § 2000e-16(c) (2012), the proper defendant in an employment discrimination action brought by a federal employee is "the head of the department, agency, or unit." Title 42 U.S.C. § 2000e-16(a) defines Commerce as one such "department, agency, or unit."

1

Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-16 <u>et</u> <u>seq.</u> (2012) and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 633a <u>et seq.</u> (2012), claiming age, gender, and race discrimination and retaliation.   Having reviewed the pleadings and supporting documents, the Court finds no hearing necessary.   <u>See</u> Local Rule 105.6 (D.Md. 2011).   For the reasons outlined below, the Census Bureau's Motion to Dismiss or, in the Alternative, for Summary Judgment will be granted, and its Motion to Strike Venable's Second Amended Complaint will be denied.   Venable's Motion for Leave to Amend, Motion to Strike, and Motion for Leave to File Sur-Reply will be denied, and her Renewed Motion for Leave to Amend will be granted.

## I. BACKGROUND[2]

Effective May 11, 2009, Venable received a competitive service two-year term appointment to the position of Human Resources ("HR") Specialist, GS-0201-12, with the Employee Relations Branch ("ERB") of the Census Bureau, which is headquartered in Suitland, Maryland.   The appointment was subject to the successful completion of a one-year probationary period. Effective January 15, 2010, approximately eight months

---

[2] Unless otherwise noted, the following facts are taken from the Amended Complaint and the parties' briefings on the instant motions, and are viewed in the light most favorable to the nonmoving party.

into her probationary period, the Census Bureau terminated Venable's appointment.   In the termination letter, the Census Bureau informed Venable that she was being removed for inappropriate behavior and because she did not have the requisite communication and interpersonal skills necessary to perform her responsibilities as an HR Specialist fully and satisfactorily.

The termination letter specifically referenced her conduct on January 13 and 14, 2010.   On January 13, Venable emailed a Census Bureau employee regarding the processing of that employee's request for leave under the Family Medical Leave Act ("FMLA").   In this email, Venable advised the employee that in her opinion, she and her first-line supervisor, Ann Lucas, "had done just about everything wrong."   Venable apologized to the employee for what she perceived was their mishandling of the request and sent a copy of this email to Lucas, as well as to her second-line supervisor, Branch Chief Stacy Chalmers, and her third-line supervisor, Assistant Division Chief John Cunningham. Later that afternoon, Chalmers informed Venable that her conduct in sending such an email was inappropriate as it caused Census Bureau employees to question the advice and services provided by the Census Bureau's HR Specialists and ultimately undermined the ERB's ability to provide effective guidance.

The next day, on January 14, Venable contacted an investigator for the ERB, Darryl Disque, who is responsible for conducting investigations relating to claims of harassment made by Census Bureau employees against other Census Bureau employees. Venable asked Disque for a copy of an official harassment investigation file prepared by the Census Bureau in response to a complaint of sexual harassment made by a female Census Bureau employee.  The Census Bureau claimed that Venable did not provide Disque with an official reason for requesting the file and instead demanded, in a discourteous way, that he give her the file, which he refused to do.

On February 1, 2010, Venable filed a whistleblower complaint with the Office of Special Counsel ("OSC") alleging that the Census Bureau terminated her appointment in reprisal for her alleged whistleblowing activity.[3]  Further, on February 3, 2010, Venable complained to the Census Bureau's Equal Employment Opportunity ("EEO") Office alleging that her termination was impermissibly based on her race and gender.  On February 19 and 20, 2010, however, Venable informed the Census

---

[3] Specifically, Venable alleged that she was terminated in reprisal for: (1) sending the January 13, 2010 email in which she stated that she and her team had done just about everything wrong" when handling the employee's FMLA request; and (2) informing Regional Manager Ann Foster Marriner on January 14, 2010, that someone from the Atlanta Regional Census Center was using personally identifiable information for an improper purpose.

Bureau's EEO Office that she wished to withdraw her complaint. Subsequently, by letter dated March 9, 2010, the OSC advised Venable that it was terminating its inquiry into her allegations and closing her case file.

On March 24, 2010, in a separate action, the Maryland Department of Labor, Licensing, and Regulation ("DLLR") awarded Venable unemployment benefits. The Census Bureau appealed the award of benefits, for which a teleconference hearing was held on April 21 and May 13, 2010. During the hearing, Venable questioned Disque about reporting to Chalmers that Venable was discourteous in her communication with him. Venable alleges that Disque recanted his allegations that she was discourteous, and that as a result, he subsequently should have been subject to discipline for make false allegations against her. Venable further alleges Chalmers falsely testified about Venable's work performance to prevent her from receiving unemployment benefits on the basis of discrimination and in reprisal for having filed the whistleblower complaint.

On May 13, 2010, Venable then filed an individual right of action ("IRA") appeal of the OSC's dismissal of her whistleblowing complaint to the Merit Systems Protection Board ("MSPB"). On September 10, 2010, however, the administrative judge dismissed Venable's IRA appeal for lack of jurisdiction, finding that she failed to present a non-frivolous allegation of

whistleblowing.   Venable's Petition for Review of the Initial Decision was denied by the Board in a Final Order issued on May 5, 2011.

On January 6, 2011, the Census Bureau issued dual vacancy announcements for two HR Specialist positions in the ERB in Suitland, Maryland — the same position from which Venable was removed a year earlier.   An internal vacancy announcement, Vacancy Announcement Number HRD-2011-0035, was advertised under the merit promotion procedures and restricted to current federal employees and former federal employees with certain reinstatement rights, certain veterans, and persons with special hire authority.   An external vacancy announcement, Vacancy Announcement No. HRD-2011-036, was open to all U.S. citizens. The external vacancy announcement provided that the vacancy was also being advertised under internal competitive procedures and that all applicants would be evaluated for preference eligibility.   On January 11, 2011, Venable, not qualified to apply under the internal vacancy announcement, applied for the position of HR Specialist at the GS-12 level under the external vacancy announcement.

Once the internal and external vacancy announcements closed, Susan Kreft, HR Specialist in the Census Bureau's Employment and Compensation Branch ("ECB"), reviewed the applications to determine which candidates were minimally

6

qualified per the specialized experience requirements identified in the announcements. Kreft then used this information to generate a "Merit Certificate," listing the qualified applicants who responded to the internal vacancy announcement, and a "Certificate of Eligibles," listing the qualified applicants who responded to the external vacancy announcement. Because Venable was a non-preference-eligible applicant competing against two preference-eligible veterans at the GS-12 level, she was not included on the Certificate of Eligibles and was not referred to Chalmers, the selecting official for these vacancies, for consideration. Regardless, the Certificate of Eligibles was abandoned and Chalmers ultimately selected individuals who responded to the internal vacancy announcement to fill the position.

On April 3, 2011, after learning that she was not selected, Venable filed a formal charge of discrimination with the EEO alleging that the Census Bureau discriminated against her on the basis of race and in retaliation for prior protected EEO activity and for filing a whistleblower complaint with the MSPB. On May 4, 2011, the Commerce's Office of Civil Rights ("OCR") issued a Notice of Acceptance for Investigation accepting Venable's race discrimination and reprisal claims, but dismissing her whistleblowing claim for failure to state a claim.

On June 2, 2011, Venable sent a request to OCR to amend her formal complaint to include allegations of age, sex, and race discrimination with respect to her January 2010 termination by the Census Bureau.  On June 21, 2011, OCR issued a Notice of Partial Acceptance for Investigation, dismissing Venable's 2010 termination allegations as untimely.  On December 12, 2011, the Census Bureau issued a Final Agency Decision finding that no violation of Title VII had been committed concerning the non-selection of Venable for the January 2011 HR Specialist vacancy. On January 13, 2012, Venable filed an appeal of the Final Agency Decision to the Equal Employment Opportunity Commission ("EEOC") Office of Federal Operations ("OFO"), and on March 26, 2013, the OFO affirmed Commerce's Final Agency Decision.

On June 26, 2013, Venable filed her Complaint in this Court alleging gender and race discrimination and retaliation as to three discrete acts – (1) Chalmers allegedly falsified testimony at Venable's April 21, 2010 unemployment benefits hearing in front of the DLLR; (2) the Census Bureau's failure to hire Venable for a September 2010 HR Specialist vacancy; and (3) the Census Bureau's failure to hire Venable for a January 2011 HR Specialist vacancy.  (ECF No. 1).  On July 22, 2013, Venable filed her first Amended Complaint adding allegations of gender and race discrimination and retaliation concerning the Census

Bureau's failure to discipline Darryl Disque for allegedly making false statements about Venable. (ECF No. 5).

On December 2, 2013, the Census Bureau filed its Motion to Dismiss or, in the Alternative, for Summary Judgment. (ECF No. 17). On January 22, 2014, Venable filed a Response in Opposition to the Census Bureau's Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 22), and a Motion to Strike certain exhibits from the Census Bureau's Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 24). Venable's Motion to Strike remains unopposed.

Additionally, on January 22, 2014, Venable also filed a Motion for leave to file a Second Amended Complaint seeking to include allegations of age discrimination as to all four discrete acts identified in her first Amended Complaint. This Motion also remains unopposed. On March 5, 2014, however, the Census Bureau filed a Motion to Strike Plaintiff's Second Amended Complaint. (ECF No. 28).

On March 7, 2014, the Census Bureau filed a Reply to Venable's Opposition to its Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 29). On March 21, 2014, Venable filed a Motion for Leave to file a Sur-Reply (ECF No. 30), and a Response to Motion to Strike and Renewed Motion for Leave to file a Third Amended Complaint (ECF No. 31). Venable's Third Amended Complaint appears to be substantially

similar, but not identical, to her Second Amended Complaint. Venable's Motion for Leave to file a Sur-Reply and Renewed Motion for Leave to Amend also remain unopposed.   On April 7, 2014, the Census Bureau filed a Reply in Support of its Motion to Strike Plaintiff's Second Amended Complaint.   (ECF No. 32). These motions are ripe for disposition.

## II. DISCUSSION

**A.   <u>Determining the Operative Complaint</u>**

**1.   Procedural Posture**

As a preliminary matter, the Court must determine which Complaint is operative.   Venable initially filed a Second Amended Complaint, which was attached to a Motion for Leave to Amend.   The Census Bureau then moved to strike Venable's Second Amended Complaint.   In response, Venable filed an opposition to the Motion to Strike along with a Renewed Motion to Amend, to which she attached a Third Amended Complaint.

Under Local Rule 103.6 (D.Md. 2011), a party is required to file a proposed amended pleading with its motion requesting leave to so file.   Thus, Venable's Second Amended Complaint was properly attached to her Motion for Leave to Amend. Accordingly, the Census Bureau's Motion to Strike Venable's Second Amended Complaint will be denied.

Further, in light of Venable's Renewed Motion for Leave to file a third amended complaint, her Motion for Leave to file a

second amended complaint will be denied as moot and the Court will consider the propriety of accepting the Third Amended Complaint as an amendment to the first Amended Complaint.

The Census Bureau's Reply in Support of its Motion to Strike Plaintiff's Second Amended Complaint will be construed as an opposition to Venable's Renewed Motion for Leave to Amend.[4] See Monge v. Portofino Ristorante, 751 F.Supp.2d 789, 792 n.1 (D.Md. 2010) (noting that because Federal Rule Civil Procedure 1 instructs the Court to construe the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding," the Court should not exalt form over substance (quoting Fed.R.Civ.P. 1) (internal quotation marks omitted)).

### 2.   Leave to File Third Amended Complaint

The Court will grant Venable's Motion for Leave to file her Third Amended Complaint.  The decision to grant Venable's Motion, however, will not moot the Census Bureau's pending Motion to Dismiss, or for Summary Judgment.

Under Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend a complaint] when justice so requires."  Fed.R.Civ.P. 15(a)(2).  Although the federal rules favor granting leave to amend, the decision lies within the

---

[4] In light of the similarities between the second and third amended complaints, the Census Bureau's Motion to Strike Venable's Second Amended Complaint and Reply in Support of its Motion to Strike Plaintiff's Second Amended Complaint present nearly identical issues.

sound discretion of the district court.  <u>Medigen of Ky., Inc. v.</u>
<u>Pub. Serv. Comm'n of W. Va.</u>, 985 F.2d 164, 167–68 (4th Cir.
1993) (citing <u>Nat'l Bank v. Pearson</u>, 863 F.2d 322, 327 (4th Cir.
1988)).  Leave to amend is properly denied when amendment would
prejudice the opposing party, the moving party has exhibited bad
faith, or amendment would be futile.  <u>Edell & Assocs., P.C. v.</u>
<u>Law Offices of Peter G. Angelos</u>, 264 F.3d 424, 446 (4th Cir.
2001) (citing <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 242
(4th Cir. 1999)).

The most significant changes Venable makes in her proposed
Third Amended Complaint are substituting Penny Pritzker[5] as the
properly named defendant, adding a cause of action based on age-
based discrimination in violation of the ADEA, and alleging
additional facts necessary to support her claims of race,
gender, and age discrimination.

The Census Bureau argues Venable should not be granted
leave to amend because her age-based discrimination claim is
futile.  While Venable's ADEA claim may in fact be futile, the
Census Bureau argues neither prejudice nor bad faith with

---

[5] Venable originally named Acting Secretary of Commerce,
Cameron Kerry, as the defendant.  Ms. Pritzker, however, was
sworn in as the Secretary of Commerce on June 26, 2013, the same
day Venable filed her original Complaint.  <u>See</u> <u>supra</u> note 1
(identifying the head of Commerce as the proper defendant in an
employment discrimination action brought by a Census Bureau
employee).

respect to Venable's other proposed changes.   Because Penny
Pritzker is not a new party, Venable's additional facts are
restatements of the allegations already contained in her Amended
Complaint, and because the case is still in its infancy, the
Court will grant Venable's Motion to Amend.

      **3.   The Effect on the Defendant's Pending Motions**

When a plaintiff files an amended complaint, it generally
moots any pending motions to dismiss because the original
complaint is superseded.   See Pac. Bell Tel. Co. v. Linkline
Commc'ns, Inc., 555 U.S. 438, 456 n.4 (2009) ("Normally, an
amended complaint supersedes the original complaint.").   In
certain instances, however:

> Defendants should not be required to file a new motion
> to dismiss simply because an amended pleading was
> introduced while their motion was pending.   If some of
> the defects raised in the original motion remain in
> the new pleading, the court simply may consider the
> motion as being addressed to the amended pleading.   To
> hold otherwise would be to exalt form over substance.

Buechler v. Your Wine & Spirit Shoppe, Inc., 846 F.Supp.2d 406,
415 (D.Md. 2012) (quoting 6 Charles Alan Wright et al., Federal
Practice & Procedure § 1476 (3d ed. 2010)) (internal quotation
marks omitted).

Although the Court will grant Venable's Motion for Leave to
File Third Amended Complaint, the Court will not require the
Census Bureau to file a new motion to dismiss, or for summary
judgment.   None of Venable's proposed changes materially affect

the Census Bureau's Motion.   As a result, the Court will consider the Census Bureau's Motion to Dismiss, or for Summary Judgment as addressing Venable's Third Amended Complaint.

## B.  **Venable's Motion to Strike**

Venable has moved to strike certain exhibits attached to the Census Bureau's Motion to Dismiss or, for Summary Judgment. Because those exhibits impact the Court's decision on the other pending motions, the Court will address this Motion first.

First, Venable moves the Court to strike the Affidavit of Stacy Chalmers submitted by Defendants in support of its Motion for Summary Judgment.  In support of her Motion to Strike, Venable argues Chalmers's July 19, 2011 and December 2, 2013 Declarations, (Def.'s Mot. to Dismiss or, in the Alternative, for Summ. J. ["Mot. Dismiss or, Summ. J."] Ex. 4 ["Chalmers's Dec. 2, 2013 Decl."], ECF No. 17-6), (Mot. Dismiss or, Summ. J. Ex. 18 ["Chalmers's Jul. 19, 2011 Decl."], ECF No. 17-20), are presumably false because Chalmers was found to have given false testimony on April 21, 2010, during Venable's unemployment benefits appeal before the DLLR.  Further, Venable argues Chalmers's declarations flatly contradict sworn testimony provided during the DLLR hearing and include internal inconsistencies in violation of the sham affidavit rule.

"[A] party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting

14

his or her own previous sworn statement (by, say, filing a later affidavit that flatly contradicts that party's earlier sworn deposition) without explaining the contradiction or attempting to resolve the disparity." Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 806 (1999). "Application of the sham affidavit rule at the summary judgment stage 'must be carefully limited to situations involving flat contradictions of material fact.'" Zimmerman v. Novartis Pharm. Corp., 287 F.R.D. 357, 362 (D.Md. 2012) (quoting Mandengue v. ADT Sec. Sys., Inc., No. ELH-09-3103, 2012 WL 892621, at *18 (D.Md. Mar. 14, 2012)). There is a distinction, however, between flat contradictions that create a transparent sham and inconsistencies that create an issue of credibility. Tippens v. Celotex Corp., 805 F.2d 949, 953 (11th Cir. 1986).

Here, the Court cannot determine the extent of the contradiction between Chalmers's declarations submitted by Defendants in support of its Motion for Summary Judgment and her April 2010 testimony because her prior testimony has not been presented to the Court. Further, to the extent Chalmers can be shown to have previously lied under oath or there are inconsistencies in her testimony, she may be found less credible if this case proceeds to trial. Such "credibility[, however,] cannot be assessed on summary judgment." Black & Decker Corp. v. United States, 436 F.3d 431, 442 (4th Cir. 2006). The Court,

therefore, will not strike Chalmers's July 2011 and December 2013 Declarations on the basis that they are sham affidavits.

Next, Venable argues Chalmers's declarations are irrelevant under Federal Rule of Evidence 402. "Irrelevant evidence is not admissible." Fed.R.Evid. 402. Evidence is relevant if "it has any tendency to make a [material] fact more or less probable than it would be without the evidence." Fed.R.Evid. 401(a). Materiality means the evidence "goes to the substantial matters in dispute or has a legitimate or effective bearing on the decision of the same . . . ." United States v. De Lucia, 256 F.2d 487, 491 (7th Cir. 1958) (citing 31 Francis C. Amendola et al., C.J.S. Evidence §§ 159, 185, pp. 868, 906).

In her December 2013 Declaration, Chalmers testifies as to her role in the vacancy selection process. (See generally Chalmers's Dec. 2, 2013 Decl.). In her July 2011 Declaration, Chalmers testifies about her role in the vacancy selection process, her understanding of why Venable did not make the Certificate of Eligible from which the ultimate candidate was selected, and her previous supervisory relationship with Venable. (See generally Chalmers's Jul. 19, 2011 Decl.). The Court concludes this testimony is relevant because it tends to establish the Census Bureau's legitimate, nondiscriminatory reason for not selecting Venable. The Court, therefore, will

16

not strike Chalmers's July 2011 and December 2013 Declarations on the basis that they are irrelevant.

Finally, Venable moves the Court to strike Exhibits 1, 5, 6, 8, 9, 10, 11, 12, and 16 attached to Defendant's Motion for Summary Judgment because they are redundant, immaterial, and irrelevant.   Exhibits 5, 6, 8, 9, 10, 11, and 12 tend to establish the steps Venable took to exhaust her administrative remedies prior to initiating this action.   The Court concludes this evidence is relevant to establish its subject matter jurisdiction concerning certain claims.   See Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009) ("[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim.").

Exhibit 1 is a Notification of Personnel Action documenting Venable's term appointment as a HR Specialist.   Exhibit 16 is Venable's application for the position in which she alleges she was not selected based on discrimination.   These documents tend to establish that Venable applied for the position under the Census Bureau's external announcement, that she was not a current federal employee or a former federal employee with reinstatement rights, and that she could not establish any veteran's preference, career tenure status, or other special hiring consideration.   The Court concludes this evidence is

17

relevant because it tends to establish the Census Bureau's legitimate, nondiscriminatory reason for not selecting Venable.

For all of the foregoing reasons, Venable's Motion to Strike will be denied.

## C.   <u>Venable's Motion for Leave to File a Sur-reply</u>

Venable has also moved for leave to file sur-reply to the Census Bureau's Motion to Dismiss, or for Summary Judgment arguing sur-reply is needed to correct alleged misstatements of the facts and law.  The Court will deny the motion because it is unnecessary.

"Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed."  Local Rule 105.2(a) (D.Md. 2011).  "Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply."  <u>Khoury v. Meserve</u>, 268 F.Supp.2d 600, 605 (D.Md. 2003) (citing <u>Lewis v. Rumsfeld</u>, 154 F.Supp.2d 56, 61 (D.D.C. 2001)).  The Census Bureau's Reply does not raise any new issues.  It directly addresses the contentions Venable presented in her Response.  Conversely, Venable's "factual" concerns are mostly disputes over conclusions of law that she addresses by reiterating arguments she previously made in her responses to the Census Bureau's Motion to Dismiss, or for Summary Judgment.  Because Venable had

18

an adequate opportunity to address those concerns, the Court will deny her Motion for leave to file sur-reply.

## D. **The Census Bureau's Motion to Dimiss or, for Summary Judgment**

### 1. **Standard of Review**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Twombly, 555 U.S. at 556. In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

> [A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)) (internal quotation marks omitted).

"When matters outside the pleading are presented to and not excluded by the court, the 12(b)(6) motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 260-61 (4th Cir. 1998) (quoting Fed.R.Civ.P. 12(b)) (internal quotation marks omitted). Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a).

In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970)). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48 (alteration in the original).

A "material fact" is one that might affect the outcome of a party's case.  Id. at 248; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citing Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; accord Hooven-Lewis, 249 F.3d at 265.

Here, because the Court will consider matters outside of the pleading, the Census Bureau's Motion will be construed as a Motion for Summary Judgment.

### 2.  Analysis

#### a.  Motion for Summary Judgment is Not Premature

Venable argues the Census Bureau's Motion for Summary Judgment is premature because she has not been given an opportunity for discovery.  The Court disagrees.

Generally, "summary judgment is appropriate only after 'adequate time for discovery.'" Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).  Rule 56(d) provides that the Court may deny or continue a motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts

essential to justify its opposition . . . ." Fed.R.Civ.P. 56(d). A party opposing summary judgment under Rule 56(d), however, may not simply assert that discovery is necessary; the party must file an affidavit that "particularly specifies legitimate needs for further discovery." Nguyen v. CNA Corp., 44 F.3d 234, 242 (4th Cir. 1995).

Here, Venable filed a Rule 56(d) declaration. Her declaration, however, failed to identify any facts essential to her opposition that were not already available to her and could only be obtained through discovery. The materials already available to Venable include numerous documents provided during the processing of her MSPB appeal and EEO complaint. See Boyd v. Guiterrez, 214 F.App'x 322, 323 (4th Cir. 2007) (affirming the district court's decision denying a request to continue a motion for summary judgment pending additional discovery given the extent to which the numerous documents and affidavits submitted during the plaintiff's EEOC proceedings were already available to him).

Moreover, to the extent that Venable argues the need for discovery related to claims other than her 2011 non-selection, those claims will be dismissed for failure to exhaust administrative remedies and are not, therefore, subject to

discovery.[6]  To the extent Venable argues the need for discovery related to her 2011 non-selection claim, none of that discovery would be sufficient to place material facts in dispute and defeat summary judgment.  Cromwell Field Assocs., LLP v. May Dep't Stores Co., 5 F.App'x 186, 189-90 (4th Cir. 2001) (affirming the district court's decision denying a request to continue a motion for summary judgment pending additional discovery where the facts on which the district court relied to decide the case were not in dispute and the facts sought under discovery were immaterial to the summary judgment motion).

Accordingly, the Court will deny Venable's Rule 56(d) request.

### b.   Failure to Exhaust Administrative Remedies

#### 1. Gender and Race Discrimination and Retaliation Claims

The undisputed evidence shows that Venable failed to exhaust her administrative remedies as to all claims except her January 2011 non-selection race discrimination and retaliation claim.  Venable's Third Amended Complaint appears to allege four discrete acts of discrimination and retaliation[7]: (1) Chalmers's

---

[6] See discussion infra Part II.D.2.b.

[7] Discrete acts of discrimination and retaliation are unlawful employment practices that can be said to occur on a particular day as opposed to unlawful employment practices that can be said to occur over a series of days or years.  See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 115 (2002)

testimony at Venable's April 2010 unemployment benefits hearing before the DLLR; (2) the Census Bureau's alleged failure to discipline Disque for allegedly making false statements about Venable; (3) failure to hire Venable for a September 2010 HR Specialist vacancy; and (4) failure to hire Venable for a January 2011 HR Specialist vacancy.   She alleges age, gender, and race discrimination and retaliation as to all four discrete acts.

Prior to instituting a judicial action alleging employment discrimination under Title VII or the ADEA, a federal employee is required to exhaust all available administrative remedies. 42 U.S.C. § 2000e-16(c); Brown v. Gen. Servs. Admin., 425 U.S. 820, 832 (1976).   First, the employee must file a charge of discrimination with the agency's EEO office within forty-five days of the alleged act of discrimination.   29 C.F.R. § 1614.105(a)(1) (2013).   A complainant's failure to contact an EEO Counselor within the forty-five days prescribed "is tantamount to failure to timely exhaust all administrative remedies" and "ordinarily results in dismissal of a complaint of discrimination."   Blount v. Thompson, 400 F.Supp.2d 838, 841 (D.Md. 2004) (citing Jakubiak v. Perry, 101 F.3d 23, 26–27 (4th Cir. 1996)).

---

(describing the difference between hostile environment claims and discrete acts).

If an informal resolution is not reached through informal counseling with an EEO Counselor, the agency must issue a written Notice of Right to File a Formal Complaint advising the complainant of her responsibility to file a formal complaint within fifteen days of receipt of the notice.   29 C.F.R. § 1614.105(d); see also 29 C.F.R. § 1614.106(b) (2013) (requiring a federal employee to file a formal complaint within fifteen days of receiving notice of a right to do so).   Failure to comply with the fifteen-day time limit set by 29 C.F.R. § 1614.106(b) similarly bars an action in federal court.   See Blount v. Shalala, 32 F.Supp.2d 339, 341 (D.Md. 1999) (dismissing Title VII claims on timeliness grounds for the plaintiff's failure to file a formal administrative complaint within fifteen days of being noticed of her right to do so), aff'd, 199 F.3d 1326 (4th Cir. 1999).

Here, it is undisputed that Venable initiated contact with a Census Bureau EEO Counselor on two occasions.   First, on February 3, 2010, Venable initiated contact with an EEO counselor alleging that she was terminated on January 15, 2010, on the basis of race and sex-based discriminated.[8]   On February

_____

[8] Because Venable challenges the authenticity of Exhibit 5 (Venable Decl., at 3, ECF No. 22-1), purporting to be the EEO Informal Complaint Contact Sheet, attached to the Census Bureau's Motion to Dismiss, or, for Summary Judgment, the Court will not consider it.   See Orsi v. Kirkwood, 999 F.2d 86, 92 (4th Cir. 1993) ("It is well established that unsworn,

20, 2010, however, Venable sent an email to EEO Specialist Kathy Hopkins indicating that she no longer wished to pursue her discrimination claim. (Mot. Dismiss or, Summ. J. Ex. 6, ECF No. 17-8).

Nonetheless, on February 22, 2010, the EEO Office sent Venable a written Notice of Right to File a Formal Complaint and advised Venable of her responsibility to file a formal complaint within fifteen days of receipt of the notice. (Mot. Dismiss or, Summ. J. Ex. 7, ECF No. 17-9). Venable, however, neither officially withdrew her complaint nor filed a formal one. Consequently, she is deemed to have abandoned her claim. See Tate v. Potter, EEOC Request No. 0520060584, 2006 WL 3770922, at *1 (Dec. 15, 2006) ("[A] complainant who receives counseling on an allegation, but does not go forward with a formal complaint on that allegation is deemed to have abandoned it, and consequently, cannot raise it in another complaint." (quoting Jacqueline Small, EEOC Decision No. 05980289, 1999 WL 589571 (July 16, 1999))) (internal quotation marks omitted)).

Second, on April 3, 2011, Venable filed a formal complaint with the Census Bureau's EEO Office alleging that "she was not

---

unauthenticated documents cannot be considered on a motion for summary judgment." (citing Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1550-51 (9th Cir. 1990)). Venable, however, does not dispute subsequent communications that establish that she initiated contact with an EEO counselor alleging discrimination on the basis of race and sex and that she later withdrew that complaint.

selected for the Position of Human Resources Specialist . . . because of her race, in retaliation for having filed a whistle blower complaint, and in retaliation for having alleged race and gender discrimination in connection with her January 2010 termination." (Mot. Dismiss or, Summ. J. Ex. 22, at 3, ECF No. 17-24). Subsequently, on June 2, 2011, Venable sought to amend her April 3, 2011 formal complaint to include allegations that her January 15, 2010 termination was a result of discrimination on the basis of race, sex, and age. (Mot. Dismiss or, Summ. J. Ex. 24, ECF No. 17-26). On June 21, 2011, however, the Census Bureau dismissed as untimely Venable's race, sex, and age discrimination allegations concerning her January 15, 2010 termination. (Mot. Dismiss or, Summ. J. Ex. 25, at 5-6, ECF No. 17-27).

Although unclear, Venable appears to argue, because her 2011 non-selection claim was timely filed and based on retaliation for protected activity she took with respect to her 2010 termination, and because her newly alleged discrete acts of discrimination reflect a pattern of retaliation related to her 2010 termination, they are independently actionable in this litigation. The Court disagrees.

> [D]iscrete discriminatory acts are not actionable if
> time barred, even when they are related to acts
> alleged in timely filed charges. Because each discrete
> act starts a new clock for filing charges alleging

that act, the charge must be filed [within the appropriate time period] after the act occurred.

Nat'l R.R. Passenger Corp., 536 U.S. at 102.

Venable asserts gender and race discrimination and retaliation concerning Chalmers's April 21, 2010 DLLR testimony, the Census Bureau's disparate treatment in favor of Disque, and her September 2010 non-selection for the first time in this litigation.  Additionally, Venable asserts gender discrimination with respect to her January 2011 non-selection for the first time in this litigation.  Because Venable failed to contact an EEO Counselor within forty-five days after the date these discrete discriminatory acts occurred, those claims are time barred and will be dismissed with prejudice.

### 2.  ADEA Claims

Venable's age discrimination claims are similarly time barred under either of the ADEA's avenues for asserting age discrimination claims in federal court.  A federal government employee alleging violations under the ADEA may dispense with the EEOC process described above and file an ADEA claim directly in federal court if, at least thirty days prior to commencing suit, she provides notice to the EEOC of her intent to sue, and she files this notice within 180 days of the alleged discriminatory conduct. 29 U.S.C. § 633(d) (2012); Stevens v. Dep't of Treasury, 500 U.S. 1, 5-6 (1991).

28

Venable argues she exhausted her administrative remedies with respect to her ADEA claims because on June 2, 2011, she timely amended her formal charge of discrimination with the EEO to include discrimination on the basis of age. Venable's attempt to amend her EEO complaint concerned only her January 15, 2010 termination, however, and the EEO dismissed her amended allegations as untimely. Venable's untimely attempt to amend her EEO complaint to include violations under the ADEA concerning her 2010 termination is insufficient to establish that she exhausted administrative remedies concerning her allegations of age discrimination with respect to any other claim.

Second, Venable argues she properly and timely alleged age discrimination in violation of the ADEA because her April 3, 2011 formal charge of discrimination concerning her 2011 non-selection claim stated that she was over the age of forty. The Court disagrees. On May 4, 2011, the EEO mailed Venable a notice of acceptance for investigation the charge of discrimination on the basis of race and retaliation for filing an appeal with the MSPB with respect to her non-selection for the 2011 position of HR Specialist. (Mot. Dismiss or, Summ. J. Ex. 23, ECF No. 17-25). Venable was advised of her right and responsibility to notify the EEO within fifteen calendar days if the issues in her complaint were not correctly identified. (Id.

at 2).  Because Venable failed to contact the EEO concerning the issue accepted for investigation, it is presumed that her allegations were properly identified.  (Id.).

Because the issues identified by the EEO did not include violations of the ADEA, the Court finds that Venable failed to comply with the administrative requirement that she initiate contact with an EEO counselor within forty-five days of the date of the alleged discriminatory conduct.  To the extent Venable elected to proceed with her ADEA claims by bringing suit directly in federal court, her ADEA claims are untimely because she did not contact an EEO counselor, or otherwise provide the EEO notice of her intent to sue within 180 days of any of the alleged discriminatory conduct.  Further, because these claims are now time barred, Venable's age discrimination claims will be dismissed with prejudice.

> **c.    Non-Selection for the January 2011 HR Specialist Vacancy**

> **1. Race Discrimination Under Title VII**

The Court will grant the Census Bureau's Motion for Summary Judgment with respect to Venable's Title VII race discrimination claim because Venable fails to establish a prima facie case of discrimination and further fails to produce sufficient evidence to rebut as mere pretext, the Census Bureau's legitimate and non-retaliatory reason for her termination.

Generally, the adjudication of a complaint of race discrimination under Title VII is analyzed under the proof scheme articulated in McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973). See Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 284–86 (4th Cir. 2004) (employing the McDonnell Douglas framework to analyze a discrimination claim based principally on circumstantial evidence). Under the McDonnell Douglas standard, Venable must first establish a prima facie case of discrimination. Id. at 285. If she meets this burden, the Census Bureau can rebut the presumption of discrimination raised by Venable's prima facie case by establishing a legitimate, nondiscriminatory reason for her termination. Id. If the Census Bureau succeeds in doing so, Venable must then "prove by a preponderance of the evidence that the legitimate reasons offered by [the Census Bureau] were not its true reasons, but were a pretext for discrimination." Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981). Venable "bears the ultimate burden of proving that [the Census Bureau] intentionally discriminated against her." Evans, 80 F.3d at 959 (citing Burdine, 450 U.S. at 253).

To state a claim for race discrimination based on a failure to hire, Plaintiff must allege that:

> (i) [she] belongs to a protected class, (ii) [she] applied and was qualified for a job for which the employer was seeking applicants, (iii) despite [her]

31

qualifications, [she] was rejected, and (iv) after
[her] rejection, the position remained open and the
employer continued to seek applicants from persons of
[her] qualifications.

E.E.O.C. v. Sears Roebuck & Co., 243 F.3d 846, 851 (4th Cir.
2001). "In cases where the position sought was filled, the
fourth prong is most easily satisfied by showing that someone
outside of the plaintiff's protected group ultimately was
selected for the position." Langerman v. Thompson, 155
F.Supp.2d 490, 495 (D.Md. 2001). "[A] plaintiff must ordinarily
show that she was [not selected in favor of someone] outside her
protected class because, when someone within her protected class
is hired . . . that fact ordinarily gives rise to an inference
that the defendant did not [discriminate against plaintiff on
the basis] of her protected status." Miles v. Dell, Inc., 429
F.3d 480, 488 (4th Cir. 2005).

In her Third Amended Complaint, Venable admits that the
2011 HR vacancy was filled by someone within her protected
class. (3rd Am. Compl., at 4). Although the Fourth Circuit has
recognized that certain factual circumstances may give rise to
an exception to the general rule, Venable has plead no
additional facts that warrant such an exception. Consequently,
Venable has failed to establish a prima facie case of race
discrimination.

32

Even assuming _arguendo_ that Venable can establish a prima facie case of race discrimination, however, the Census Bureau articulated a legitimate, nondiscriminatory reason for her non-selection, and Venable is unable to create a material dispute with regard to whether the Census Bureau's stated reason was a pretext for discrimination.

"[The Census Bureau] is not required to persuade [the Court] that the proffered reason [it did not select Venable for the vacancy] was the actual motivation for [its] decision. [It] must merely articulate a justification that is legally sufficient to justify a judgment in its favor." _Mereish v. Walker_, 359 F.3d 330, 335 (4th Cir. 2004) (citation omitted) (quoting _Burdine_, 450 U.S. at 254-55) (internal quotation marks omitted).  The Census Bureau states as it reason for its non-selection of Venable that her application was not referred to the selecting official because two veteran's preference-eligible candidates blocked her from inclusion on the referral list of the external applicants. Moreover, the Census Bureau did not hire anyone from the external vacancy announcement to which Venable applied, because it hired from the internal vacancy announcement.  The Court concludes that the Census Bureau's stated reason constitutes a legitimate, nondiscriminatory reason for her non-selection.

33

Thus, the burden shifts to Venable to offer evidence that the articulated reason for her non-selection is pretextual. "[Venable] can meet [her] burden of proving pretext either by showing that [the Census Bureau's] explanation is 'unworthy of credence' or by offering other forms of circumstantial evidence sufficiently probative of [race] discrimination." Id. at 336 (citing Burdine, 450 U.S. at 256). Moreover, an employer's reliance on objective evaluation factors defeats a discrimination claim unless the plaintiff offers specific evidence of pretext. See Anderson v. Westinghouse Savannah River Co., 406 F.3d 248, 267-268 (4th Cir. 2005).

Venable does not offer specific evidence of pretext but merely argues it is plausible that her 2010 EEO activity "tipped the scales" when the Census Bureau decided not to select her for the 2011 HR Specialist position because she had otherwise received favorable performance reviews in July 2009 and October 2009. The Census Bureau, however, did not evaluate the quality of Venable's application, or suggest that her responses to the job-related assessment questionnaire did not warrant a high enough score, but instead evaluated all of the candidates objectively using the statutorily defined category rating system.

The Homeland Security Act of 2002 authorized "alternative ranking and selection procedures," which have come to be known

as "category rating."   5 U.S.C. § 3319 (2012).   By a directive

of the President, effective November 1, 2010, category rating

became the primary method by which all agencies fill

competitive-service vacancies.   See Dean v. Office of Pers.

Mgmt., 115 M.S.P.R. 157, 168 n.7 (2010).   Under category rating,

an agency may score applicants based upon job-related assessment

tools employed in the application process and then use those

scores to place applicants in pre-defined "quality categories."

5 U.S.C. § 3319(a).   Within each quality category, however,

preference eligible individuals are listed ahead of non-

preference eligible individuals, and an agency may not fill a

vacancy with a non-preference eligible individual ahead of one

who is preference eligible in the same quality category unless

it seeks and receives approval for a pass over.   5 U.S.C. §

3319(b), (c)(2).

Here, Venable applied for the position of HR Specialist, as

advertised under external Vacancy Announcement No. HRD-2011-036,

at only the GS-12 level.   (Mot. Dismiss or, Summ. J. Ex. 16, ECF

No. 17-18).   Because Venable was not preference-eligible, and

because there were at least two preference-eligible applicants

who "floated" to the top of the Certificate, Venable was not

placed on the Certificate of Eligibles for Vacancy Announcement

Number HRD-2011-0036 at the GS-12 level, and she was not

referred to Chalmers for consideration.   (See Mot. Dismiss or,

Summ. J. Ex. 19, at 8, ECF No. 17-21); (see also Mot. Dismiss or, Summ. J. Ex. 20, at 11-13, ECF No. 17-22 (applicant listing report marking qualified preference eligibles candidates with their appropriate veterans' preference designation code)).

Venable alleges "Defendant said that a veteran scored higher than plaintiff" but "Defendant did not hire a veteran for the January 2011 vacancy." (3rd Am. Compl., at 4). Under category rating, however, Commerce pre-defined three quality categories, gold, silver, and bronze, and assigned all applicants numerical scores only for the purposes of placing them in the appropriate pre-defined quality category. (Mot. Dismiss or, Summ. J. Ex. 17, ECF No. 17-19). Once the applicants were designated to quality categories, the veteran preference eligibles floated to the top of those quality categories at each GS level regardless of their assigned numerical scores. (Mot. Dismiss or, Summ. J. Ex. 19, at 8). Ultimately, however, Chalmers made her selections for the position from the merit Certificate of Eligibles generated from the internal posting, Vacancy Announcement Number HRD-2011-0035, and the Certificate of Eligibles generated from the external posting was abandoned. (Mot. Dismiss or, Summ. J. Ex. 21, ECF No. 17-23).

There was no subjective evaluation of Venable's application or prior performance that could reflect discriminatory or

retaliatory bias.   It is difficult to see how such a neutral initial evaluation method could be discriminatory, and Venable has offered no evidence from which to conclude otherwise.   Thus, Venable has failed to meet her burden of creating a material dispute with regard to whether the Census Bureau's stated reason for her termination was pretext for discrimination. Accordingly, the Court will grant summary judgment in favor of the Census Bureau with respect to Venable's 2011 non-selection race discrimination claim.

## 2. Retaliation

In addition to her claim of race discrimination, Venable further contends she was not selected for the 2011 HR Specialist vacancy in retaliation for filing an appeal with the MSPB.   The Court will grant the Census Bureau's Motion for Summary Judgment on Venable's retaliation claim because she fails to rebut as mere pretext the Census Bureau's legitimate and non-retaliatory reason for her termination.

As with claims of discrimination, the adjudication of a complaint of retaliation under Title VII is analyzed under the proof scheme articulated in McDonnell Douglas.   See Price v. Thompson, 380 F.3d 209, 212 (4th Cir. 2004).   Even assuming arguendo Venable could establish a prima facie case of retaliation, the point becomes moot because she cannot sufficiently demonstrate pretext for the same reasons she could

not make that showing with respect to her race discrimination claim. She presented no evidence that the Census Bureau's non-selection of her for the 2011 HR vacancy was in retaliation as opposed to being blocked from inclusion on the referral list of the external applicants. Accordingly, the Court will grant summary judgment in favor of the Census Bureau with respect to Venable's 2011 non-selection retaliation claim.

## III. CONCLUSION

For the reasons given above, the Census Bureau's Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 17) is GRANTED, and Motion to Strike Venable's Second Amended Complaint (ECF No. 28) is DENIED. Venable's Motion for Leave to Amend (ECF No. 23) is DENIED as MOOT, Motion to Strike (ECF No. 24) is DENIED, Motion for Leave to File Sur-Reply (ECF No. 30) is DENIED, and Renewed Motion for Leave to Amend (ECF No. 31) is GRANTED. A separate Order will follow.

Entered this 30th day of May, 2014

/s/

_____
George L. Russell, III
United States District Judge